IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
DECEMBER 19, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JERRY T. JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. | |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| Defendant. | ) | |

PH **07 C 7117**

**JUDGE CONLON
MAGISTRATE JUDGE ASHMAN**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Now comes the plaintiff, JERRY T. JONES, by his attorneys Kinoy, Taren & Geraghty P.C., and hereby complains against defendant, AMERICAN AIRLINES, INC. as follows:

I. **INTRODUCTION**

1. This action is brought pursuant to Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) alleging that defendant effectively terminated plaintiff's employment and/or refused to reasonably accommodate him because of his disability and/or because it regarded him as disabled.  Plaintiff seeks injunctive relief and actual and punitive damages.

II.     **JURISDICTION AND VENUE**

2. This court has jurisdiction over American Airlines, Inc.  pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 12117(a) and 2000e-5(f)(3). Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 42 U.S.C. § 2000e-5(f)(3) since the unlawful practices occurred within this District and pursuant to 28 U.S.C. § 1391(b) and (c).

3.    Plaintiff has fully complied with all jurisdictional prerequisites necessary to pursue his action under the Americans with Disabilities Act.  On or about October 19, 2006, plaintiff filed a

1

charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of a discriminatory practice on the basis of his disability. On September 26, 2007, the EEOC issued plaintiff a 90-day Right to Sue letter. This action has been filed within 90 days of the issuance of that letter, which is attached hereto.

III. **PARTIES**

4. Plaintiff Jerry T. Jones is a 55-year-old male citizen of the United States residing in Chicago, Illinois, County of Cook. At all times relevant hereto, Mr. Jones was is and was regarded by defendant as a qualified person with a disability as that term is defined in Section 3 of the ADA, 42 U.S.C. § 12102(2) and §101(8), 42 U.S.C. § 12111(8). Alternatively, plaintiff was a qualified person with a disability and/or had a history of disability as defined at 29 C.F.R. § 1630.3(b)

5. Defendant American Airlines, Inc. (hereinafter referred to as "American") is a Delaware corporation licensed and doing business within Illinois and within the County of Cook.

IV. **FACTUAL ALLEGATIONS**

6. Plaintiff Jerry T. Jones was employed by American as a Fleet Service Clerk based out of O'Hare Airport in Chicago from June 2000 until September 12, 2006 when he was placed on involuntary medical leave.

7. On or about May 27, 2006, plaintiff hit his head from a fall while on the job. Immediately prior to that time, plaintiff was performing up to the legitimate expectations of his job.

8. At the end of August and the beginning of September 2006, plaintiff suffered from auditory hallucinations. When defendant learned of plaintiff's condition, it regarded him as being disabled and removed him from employment – despite the fact that on September 11, 2006 plaintiff's physician had released him to return to work.

9. The defendant has refused and failed to allow plaintiff to return to work from unpaid medical leave because it regards him as disabled.

10. The plaintiff is currently able to perform all of the essential functions of his job.

## V. STATEMENT OF CLAIMS

12. The actions of the defendant, as set forth herein, discriminated against the plaintiff on the basis of his disability, his record of disability and because he was regarded as disabled in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*

13. As a result of the above discriminatory action, the plaintiff is suffering and will suffer substantial economic losses including lost wages, lost benefits, lost future income and attorneys fees and costs.

14. As a result of the above discriminatory action, the plaintiff is suffering and will suffer substantial emotional injury damages.

15. The actions of the defendant were willful, malicious and taken in reckless disregard for the rights of the plaintiff justifying the imposition of punitive damages.

WHEREFORE, plaintiff respectfully requests that, after trial by jury, this court enter judgment in favor of plaintiff and against defendant as follows:

   A. Granting injunctive relief directing defendant to reinstate plaintiff to his employment in a position he would have occupied but for defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for defendant's discriminatory treatment, including but not limited to wages, commissions, pension, stock options and other lost benefits;

   B. Awarding plaintiff front pay and benefits to compensate him for his lost future income;

C. Awarding plaintiff compensatory damages to compensate him for his emotional injury damages;

C. Awarding plaintiff punitive damages;

D. Awarding plaintiff the costs of this action together with reasonable attorney's fees as provided by § 107(a) of the Americans with Disabilities Act 42 U.S.C. § 12117(a) and 42 U.S.C. § 1988.

E. Granting such other relief as this Court deems necessary and proper.

Respectfully submitted,

**/s Jeffrey L. Taren**
Kinoy, Taren & Geraghty P.C.
224 S. Michigan Ave. #300
Chicago, IL 60604
(312) 663-5210
ktgtaren@aol.co,
Illinois Bar #2796821

PREPARE:

Summons

Jury Demand

Appearance

Any other filing papers



**SERVE DEFENDANTS**:

American Airlines, Inc.
c/o C.T. Corporation System
208 S. LaSalle St.
Suite 814
Chicago, IL 60604

Cause of Action: Disability discrimination in Employment, 42 U.S.C. § 12117 et seq

Jurisdiction: Federal Question